UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FILED BY_____D.C.
JAN 1 1 2022
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

CASE NO. 22-Cr-60002 - RS/Valle
26 U.S.C. § 7201

UNITED STATES OF AMERICA

v.

CRAIG GOLDSTEIN,

                 Defendant.
_____/

## INFORMATION

The United States Attorney charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Information:

### Background

1. Defendant **CRAIG GOLDSTEIN** (hereinafter referred to as "**GOLDSTEIN**") was an owner and operator of West Way Towing, Inc. (hereinafter referred to as "West Way"), whose principal address was in Lauderdale Lakes, Florida.

2. West Way had contracts which entitled West Way to tow disabled vehicles, including vehicles that were involved in automobile accidents, to be stored in its tow yard.

3. After the vehicles were towed to the tow yard of West Way, an employee of West Way would contact the owner of the disabled vehicle.

4. West Way would assess the owner a fee, including the cost of the tow from the scene of the accident to the tow yard, clean up fees for the accident scene, and fees for each day of storage at the tow yard.

1

5. If the owner of the disabled vehicle did not claim the vehicle within 35 days from the time the vehicle was stored at the tow yard, pursuant to Florida Statute 713.78, West Way was allowed to sell the vehicle at a public sale for cash for a sale price that did not exceed the reasonable towing, storage, and cost of sale of the vehicle (hereinafter "Lien Fees").

6. If the proceeds of the sale exceeded the Lien Fees, the excess proceeds were required to be deposited with the clerk of the circuit court if the owner or lienholder was absent.

7. Since in or about 2013, on every Tuesday, West Way held a live public auto auction at the West Way facility in Oakland Park, Florida ("the West Way Auction") where dozens of vehicles were auctioned off to the public for cash.

8. The proceeds of the sales were recorded on the books of West Way using a software program called "Tracker" which was designed specifically to track the income and expenses of towing companies.

9. For each vehicle sale at the West Way Auction, a bill of sale was generated. A copy of the bill of sale was filed by U.S. mail with the Florida Department of Motor Vehicles.

10. If an owner of a towed vehicle failed to pay the Lien Fees, then the towing company could file a lien, which would prohibit the owner of the vehicle from obtaining a new license plate or renewal sticker, until the Lien Fees were paid.

## UNREPORTED CASH SCHEMES

### Cash Received from Illegal Referrals

11. From in or about 2013 through in or about 2017, defendant **GOLDSTEIN** would receive cash payments from corrupt attorneys and persons representing corrupt attorneys and corrupt chiropractors in exchange for illegally referring accident victims, whose vehicles had been towed by West Way (hereinafter referred to as "Illegal Cash Referral Fees"), to the corrupt

attorneys and chiropractors. Such referrals were conducted so that the corrupt attorneys, chiropractors and others could illegally charge fees up to the $10,000 limit of the Florida Personal Injury Protection Program.

12. The cash received by defendant **GOLDSTEIN** was not reported in the Tracker system or in the books and records of West Way. Instead, the cash was retained by defendant **GOLDSTEIN**, who failed to report the income on his federal individual income tax return.

### Cash Received from the Sale of Auction Vehicles

13. From in or about 2015 through in or about 2017, vehicles which had been abandoned by their owners and stored in the West Way tow yard were sold at the West Way Auction. If the vehicle had a high value, defendant **GOLDSTEIN** would sell the vehicle for a price which far exceeded the outstanding Lien Fees. Defendant **GOLDSTEIN** would corruptly instruct an employee of West Way to record the sales price as equal to the outstanding towing, storage, and administrative fees due on the vehicle, thereby falsely reflecting zero profit.

14. The excess profit from the sale of the vehicles was neither reported on Tracker nor in the books and records of West Way. Instead, the cash (hereinafter referred to as "Cash from Auction Sales") was retained by defendant **GOLDSTEIN**, who failed to report the income on his federal individual income tax return.

### Cash Received from Payment of Liens

15. From in or about 2013 through 2017, vehicle owners, whose cars were previously towed by West Way and stored at a West Way facility, would pay the Lien Fees in order to recover their vehicles. The outstanding debt would be paid in cash.

16. West Way employees would place the cash payments, along with a lien ticket documenting the transaction in the company safe. Defendant **GOLDSTEIN** would corruptly

3

remove the cash from the safe and fail to report the cash receipts in the West Way Tracker system or on the books and records of West Way (hereinafter referred to as "Cash from Lien Payments"). Defendant **GOLDSTEIN** also failed to report the retained cash on his federal individual income tax return.

## COUNT 1
### (Tax Evasion – 26 U.S.C. § 7201)

1. The allegations set forth in the General Allegations Section are hereby re-alleged and expressly incorporated as if set forth herein.

2. On or about August 3, 2015, in the Southern District of Florida and elsewhere, defendant

**CRAIG GOLDSTEIN,**

an individual residing in the Southern District of Florida, willfully attempted to evade and defeat income tax due and owing by him to the United States of America, for the calendar year 2014, by preparing and causing to be prepared, and by signing and causing to be signed, a false and fraudulent Federal Income Tax Return, Form 1040, which was submitted to the Internal Revenue Service. On that tax return, defendant **GOLDSTEIN** reported and caused to be reported on line 22 that his total income for the calendar year 2014 was $219,766 and that the amount of tax due and owing was $7,897. In fact, as defendant **GOLDSTEIN** knew, due to his failure to report the Illegal Cash Referral Fees and Cash from Lien Payments, his total income for the calendar year 2014 was $102,438 greater than the amount reported on the tax return, thereby creating additional tax due and owing to the United States of America of $19,896.

In violation of Title 26, United States Code, Section 7201.

## COUNT 2
### (Tax Evasion – 26 U.S.C. § 7201)

1.  The allegations set forth in the General Allegations Section are hereby re-alleged and expressly incorporated as if set forth herein.

2.  On or about September 19, 2016, in the Southern District of Florida and elsewhere, defendant

**CRAIG GOLDSTEIN,**

an individual residing in the Southern District of Florida, willfully attempted to evade and defeat income tax due and owing by him to the United States of America, for the calendar year 2015, by preparing and causing to be prepared, and by signing and causing to be signed, a false and fraudulent Federal Income Tax Return, Form 1040, which was submitted to the Internal Revenue Service. On that tax return, defendant **GOLDSTEIN** reported and caused to be reported on line 22 that his total income for the calendar year 2015 was $202,763 and that the amount of tax due and owing was $31,569. In fact, as defendant **GOLDSTEIN** knew, due to his failure to report the Illegal Cash Referral Fees, Cash from Auction Sales, and Cash from Lien Payments, his total income for the calendar year 2015 was $180,889 greater than the amount reported on the tax return, thereby creating additional tax due and owing to the United States of America in the amount of $60,914.

In violation of Title 26, United States Code, Section 7201.

## COUNT 3
### (Tax Evasion – 26 U.S.C. § 7201)

1.  The allegations set forth in the General Allegations Section are hereby re-alleged and expressly incorporated as if set forth herein.

2.     On or about December 19, 2017, in the Southern District of Florida and elsewhere, defendant

**CRAIG GOLDSTEIN**,

an individual residing in the Southern District of Florida, willfully attempted to evade and defeat income tax due and owing by him to the United States of America, for the calendar year 2016, by preparing and causing to be prepared, and by signing and causing to be signed, a false and fraudulent Federal Income Tax Return, Form 1040, which was submitted to the Internal Revenue Service.  On that tax return, defendant **GOLDSTEIN** reported and caused to be reported on line 22 that his total income for the calendar year 2016 was $152,688 and that the amount of tax due and owing was $14,616.  In fact, as defendant **GOLDSTEIN** knew, due to his failure to report the Illegal Cash Referral Fees, Cash from Auction Sales, and Cash from Lien Payments, his total income for the calendar year 2016 was $174,299 greater than the amount reported on the tax return, thereby creating additional tax due and owing to the United States of America in the amount of $51,389.

In violation of Title 26, United States Code, Section 7201.

*/s/ Thomas J. Mulvihill*
JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

*/s/*
JEFFREY N. KAPLAN
ASSISTANT UNITED STATES ATTORNEY

*/s/*
PAUL F. SCHWARTZ
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

CRAIG GOLDSTEIN

_____Defendant._____/

CASE NO._____

### CERTIFICATE OF TRIAL ATTORNEY*
**Superseding Case Information:**

**Court Division:** (Select One)
- [ ] Miami
- [ ] Key West
- [✓] FTL
- [ ] WPB
- [ ] FTP

New defendant(s)  [ ] Yes  [ ] No
Number of new defendants _____
Total number of counts _____

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.
3. Interpreter: (Yes or No) **No**
   List language and/or dialect  **English**
4. This case will take __0__ days for the parties to try.
5. Please check appropriate category and type of offense listed below:

   (Check only one)
   - I   0 to 5 days      [✓]
   - II  6 to 10 days     [ ]
   - III 11 to 20 days    [ ]
   - IV  21 to 60 days    [ ]
   - V   61 days and over [ ]

   (Check only one)
   - Petty       [ ]
   - Minor       [ ]
   - Misdemeanor [ ]
   - Felony      [✓]

6. Has this case previously been filed in this District Court? (Yes or No) **No**
   If yes: Judge _____ Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter? (Yes or No) **No**
   If yes: Magistrate Case No. _____
   Related miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the District of _____
   Is this a potential death penalty case? (Yes or No) **No**

7. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia O. Valle)? (Yes or No) **No**
8. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)? (Yes or No) **No**
9. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)? (Yes or No) **Yes**

_____
Jeffrey N. Kaplan
Assistant United States Attorney
Court ID No.    A5500030

*Penalty Sheet(s) attached

REV 3/19/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** CRAIG GOLDSTEIN

**Case No:** _____

Count #: 1

Tax Evasion

Title 26, United States Code, Section 7201

* **Max. Penalty:** 5 years' imprisonment, $250,00.00 fine, 3 years' supervised release

Count #: 2

Tax Evasion

Title 26, United States Code, Section 7201

*__**Max. Penalty:**__ 5 years' imprisonment, $250,00.00 fine, 3 years' supervised release

Count #: 3

Tax Evasion

Title 26, United States Code, Section 7201

*__**Max. Penalty:**__ 5 years' imprisonment, $250,00.00 fine, 3 years' supervised release

Count #:

*__**Max. Penalty:**__

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. |
| CRAIG GOLDSTEIN, | ) | |
| | ) | |
| _Defendant_ | ) | |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
_Defendant's signature_

_____
_Signature of defendant's attorney_

_____
_Printed name of defendant's attorney_

_____
_Judge's signature_

United States Magistrate Judge
_Judge's printed name and title_