UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-60002-CR-Smith/Valle

UNITED STATES OF AMERICA

v.

CRAIG GOLDSTEIN,

        Defendant.

_____/

## PLEA AGREEMENT

The United States of America and Craig Goldstein (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to Counts 1, 2, and 3 of the Information, which Counts charge the defendant with Tax Evasion, in violation of Title 26, United States Code, § 7201.

2. The defendant is aware that the sentence will be imposed by the court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the court relying in part on the results of a Pre-Sentence Investigation by the court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to

impose that sentence; the court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

3. The defendant also understands and acknowledges that the court may impose a statutory maximum term of imprisonment, with respect to each of Counts 1, 2, and 3, of up to five (5) years, followed by a term of supervised release of up to three (3) years. In addition to a term of imprisonment and supervised release, the court may impose a fine, with respect to each of Counts 1, 2, and 3, of up to $250,000 and may order restitution.

4. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment in the amount of $100, with respect to each of Counts 1, 2, and 3, will be imposed on the defendant for a total of $300. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing.

5. The Office of the United States Attorney for the Southern District of Florida (hereinafter "Office") reserves the right to inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

6. The United States agrees that it will recommend at sentencing that the court reduce by two (2) levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, the government will make a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently. The United States, however, will not be required to make this motion and these recommendations if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

7. This Office and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

    a. That pursuant to Sentencing Guideline 2T4.1(F), the base offense level is 16 as the tax loss is more than $100,000, but less than $250,000.

b. Two points are added, pursuant to Sentencing Guideline 2T1.1(b)(1), as the defendant failed to report the source of income exceeding $10,000 in any year from criminal activity; and

c. That there are no other aggravating or mitigating factors that affect the Sentencing Guidelines computations.

8. The defendant agrees that, to the extent there is any unpaid tax liability, the Court shall order that the defendant pay restitution in the amount the Court determines to be due and owing to the IRS, and that the Court shall make as a special condition of the defendant's probation or supervised release that the defendant pay any and all unpaid tax liabilities, due and owing. The defendant further agrees not to seek discharge in Bankruptcy Court of any unpaid tax liabilities due and owing under this paragraph. However, nothing in this agreement forecloses the Internal Revenue Service (IRS) from examining and making adjustments to the returns filed under this paragraph or binds the IRS from the assessment and collection of the taxes due and owing, penalties, and interest. Even though the defendant agrees herein to plead guilty in Counts 1, 2, and 3 to tax evasion for tax years 2014, 2015, 2016, the defendant agrees that, for purposes of determining his sentence, relevant conduct under the federal sentencing guidelines shall include all unpaid taxes liabilities that the defendant failed to report for tax years 2013 through 2017.

9. The defendant is aware that the sentence has not yet been determined by the court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the court. The defendant understands further that any

recommendation that the government makes to the court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the court and the court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 2 above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

10. The defendant is aware that Title 18, United States Code, Section 3742 affords the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Section 3742 to appeal any sentence imposed, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure from the guideline range that the Court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b). However, if the United States appeals the defendant's sentence pursuant to Section 3742(b), the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that he has discussed the appeal waiver set forth in this agreement with his attorney. The defendant further agrees, together with the United States, to request that the district court enter a specific finding that the defendant's waiver of his right to appeal the sentence to be imposed in this case was knowing and voluntary.

11. This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings.

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

Date: 4/11/22        By: _____
                          JEFFREY KAPLAN
                          ASSISTANT UNITED STATES ATTORNEY

Date: 4/12/22        By: _____
                          PAUL SCHWARTZ
                          ASSISTANT UNITED STATES ATTORNEY

Date: 1/29/2022      By: _____
                          HERBERT COHEN
                          ATTORNEY FOR DEFENDANT

Date: 1/19/2022      By: _____
                          CRAIG GOLDSTEIN
                          DEFENDANT